IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, BRENDA SMITH, and VICKIE WILLIAMS, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   CIVIL ACTION NO.  2:13cv547-MHT ) (WO) |
| VIRGINIA COLLEGE, LLC, and EDUCATION CORP. OF AMERICA, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

This qui tam action was filed pursuant to the False Claims Act, 31 U.S.C. §3729 *et seq*., on July 31, 2013.  The plaintiffs allege that the defendants submitted false certifications to the United States Department of Education "in order to participate and obtain monies from federal financial aid programs." (Doc.# 1, Compl. at 1, ¶ 2).  Now pending before the court is the plaintiffs' motion to compel (doc. # 50) filed on July 27, 2015.  The court held oral argument on the motion on August 27, 2015.  For the reasons that follow, the court concludes that the motion to compel should be granted in part and denied in part.

In Requests for Production # 1, 2, 3 and 4, the plaintiffs seek financial aid information for each student enrolled at Virginia College's Montgomery, Alabama Ground campus from July 1, 2010 until July 30, 2014.  Because these requests are overbroad, the motion to compel with respect to these requests will be denied without prejudice at this time.

In Request for Production # 5, the plaintiffs seek copies of the Program Participation Agreements from January 2010 through December 2015. At oral argument, the parties informed the court that the defendants have responded to this request. The motion to compel with respect to Request for Production # 5 will be denied as moot.

In response to the plaintiffs' requests for production that sought information on all students at Virginia College's Montgomery, Alabama Ground campus, the defendants provided information on 78 students identified by the plaintiffs in the complaint, in deposition or other discovery. For the purpose of the remaining requests for production, the court refers to these 78 students as the "students at issue" and reframes the requests for production to relate to these students.

In Request for Production # 6, the plaintiffs seek the manual and electronic attendance records of students at issue. The defendants have provided the electronic attendance records but have not provided the manual records. Because the plaintiffs argue that the manual attendance records differ from the electronic records, the defendants shall be required to produce the manual attendance records for the students at issue.

In Requests for Production # 7, 8, 9, 10, 11, 12, and 13, the plaintiffs seek financial information including disbursements and refunds of awards of federal financial aid. Because the plaintiffs argue that the financial records are necessary to determine whether the defendants submitted false certifications, the defendants shall be required to produce the financial information for the students at issue.

In Requests for Production # 14 and 15, the plaintiffs seek academic transcripts and other evidence of recorded grade point averages of the students to investigate the alleged altering of grades to insure satisfactory academic progress towards graduation. This information is relevant to their claims that the defendants have falsely certified that students are making satisfactory academic progress. Thus, the motion to compel Requests for Production # 14 and 15 will be granted with respect to the students at issue. The defendants assert that they do not maintain any tests, homework assignments or quizzes of the students. However, the defendants are directed to inquire further, and to the extent that any documents may exist, they shall produce them.

In Request for Production # 16, the plaintiffs seek copies of syllabi for every course taught at Virginia College's Montgomery campus to establish the attendance policies of each instructor. The motion to compel Request for Production #16 will be granted with respect to any classes taken by the students at issue. To the extent that the documents exist, the defendants shall produce them or otherwise state that no documents exist.

In Request for Production # 17, the plaintiffs seek copies of student folders. The information contained in the student folders has already been produced or will be produced for the students at issue. Thus, at this juncture, the motion to compel is due to be denied without prejudice.

In Request for Production # 18, the plaintiffs seek a list of students officially or unofficially administratively withdrawn from Virginia College's Montgomery campus. The

defendants assert that this information has been provided to the plaintiffs. Consequently, the motion to compel will be denied without prejudice. The defendants are directed to assist the plaintiffs in locating this information in the discovery already produced.

In Requests for Production # 19 and 20, the plaintiffs seek information related to audits conducted by the State of Alabama, U.S. Department of Education and ACICS. The parties agree that the State of Alabama has no auditing process, and the U.S. Department of Education auditing information has been produced. The motion to compel will be granted with respect to Request # 20 to the extent that the defendants have not yet produced the accreditation documents from the last ACICS audit. The motion will be denied as moot in all other respects.

In Request for Production # 21, the defendants agreed to produce the information requested. With respect to this request, the motion to compel will be granted.

In Request for Production # 22, the plaintiffs seek information regarding work-study students. The motion to compel will be granted with respect to the students at issue.

At oral argument, the parties agreed that the Request for Production # 23 is due to be denied as moot.

Finally, in Request for Production # 24, the plaintiffs seek reapplication documents during the summary review periods between Program Participation Agreements. The defendants assert that documents responsive to this request have previously been produced. Thus, Request for Production # 24 is due to be denied without prejudice with leave to refile

if the reapplication documents have not been produced.

Accordingly, pursuant to FED.R.CIV.P. 37(a)(5)(C) and FED.R.CIV.P. 26(c), as stated in open court and for good cause, it is

ORDERED that the motion to compel (doc. # 50) be and is hereby GRANTED in part and DENIED in part as follows:

1. With respect to Requests for Production # 1, 2, 3, 4, 17, 18, and 24, these requests be and are hereby DENIED without prejudice at this time;

2. With respect to Requests for Production # 5, 19, and 23, the motion to compel be and is hereby DENIED as moot;

3. With respect to Requests for Production # 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 22, the motion to compel be and is hereby GRANTED to the extent that the defendant shall produce, no later than **September 18, 2015**, responsive documents related to the students at issue as set out in the body of this memorandum opinion and order.

4. With respect to Request for Production # 20, the motion to compel be and is hereby GRANTED to the extent that the defendants shall produce any accreditation documents related to the last ACICS audit no later than **September 18, 2015**. In all other respects, the motion to compel Request for Production # 20 be and is hereby DENIED as moot.

5. With respect to Request for Production # 21, the motion to compel be and is hereby GRANTED, and the defendant shall produce, no later than **September 18, 2015**,

documents responsive to this request.

6. No later than **September 28, 2015**, the plaintiffs shall review the documents produced and confer with the defendants to determine whether any further discovery is necessary.

7. This matter be and is hereby SET for a hearing and discovery conference at **2:00 p.m.** on **October 8, 2015,** in Courtroom 4B, United States Courthouse Complex, One Church Street, Montgomery, Alabama.

8. In all other respects, the motion to compel (doc. # 50) be and is hereby DENIED as moot.

Done this 28th day of August, 2015.

                                /s/Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE